# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal No. 2:20-120-RMG |
| | ) |
| Kevin Demarrius Jackson, | ) |
| | ) |
| Defendant. | ) |
| | ) **ORDER AND OPINION** |
| | ) |

Defendant has filed a motion for the production of certain documents by the Government pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*. The materials requested are (1) North Charleston Police Department's policies and procedures for obtaining a search warrant; (2) North Charleston Police Department's policies and procedures regarding the information to be included in an affidavit in support of a search warrant; and (3) all of Detective Jackson's affidavits for search warrants from January 1, 2019 to the present. (Dkt. No. 67).

The Government asserts that it has produced previously to Defendant the policies requested in Paragraphs (1) and (2) above. The Government objects to the materials requested in Paragraph 3 as an "overbroad, burdensome, and invasive fishing expedition devoid of any legal or factual justification." (Dkt. No. 71 at 3).

The Government is obligated to produce to criminal defendants favorable information under *Brady v. Maryland*, 373 U.S. 83 (1963), evidence tending to impeach a government witness under *Gigilo v. United States*, 405 U.S. 150 (1972), and material set forth in Rule 16 of the Federal Rules of Criminal Procedure. This includes items material to preparing a defense, evidence the Government intends to use at trial in its case in chief, and items obtained from or belonging to

1

Defendant. Fed. R. Crim. P. 16(a)(1)(E). To support a claim that evidence sought for production under Rule 16 is "material to preparing the defense," a defendant must "show materiality under this rule." *United States v. Caro*, 597 F.3d 608, 621 (4th Cir. 2010) (noting "[t]here must be some indication that the pretrial disclosure of the disputed evidence would … enable[] the defendant significantly to alter the quantum of proof in his favor"). The Federal Rules of Criminal Procedure do not authorize a defendant to engage in a "fishing expedition in government files" in the hope of finding helpful information. *United States v. Paulino*, 103 F.3d 122 at *2 (4th Cir. 1996).

      Defendant has offered no justification for the request of all affidavits prepared by Detective Jackson over the last two and one half years, and it is difficult to discern how the requested information would materially affect the defense. A determination of the legal sufficiency of a search warrant is based upon an objective assessment of the information available to the magistrate at the time of the issuance of the search warrant. In this case, information derived from an affidavit prepared by Detective Jackson was the basis of the magistrate's finding of probable cause. (Dkt. No. 73-1). The contents of other affidavits prepared by Detective Jackson in other criminal cases would have no material impact on the determination of the legal sufficiency of the search warrant issued in Defendant's case.

Defendant's motion for the production of materials requested in (1) and (2) above is **DENIED AS MOOT** since the materials have already been produced by the Government. The motion to produce the material requested in (3) above is **DENIED** because Defendant has failed to demonstrate that the requested documents would fall under any aspect of the Government's discovery obligations under Rule 16, *Brady* or *Gigilo*.

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Court

Charleston, South Carolina
August 24, 2021